UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cr-00032-RLY-CSW |
| | ) | |
| KENNETH ROACH, | ) | -01 |
| | ) | |
| Defendant. | ) | |

### *AMENDED* REPORT AND RECOMMENDATION

***This matter is before the undersigned sua sponte to clarify the ongoing supervision of defendant during treatment. On August 1, 2024, the undersigned issued her report and recommendation in this matter ("Original R&R"). The language in the Original R&R has been slightly modified (as reflected herein by bold italics) in accordance with 18 USC § 3583(e).***

On July 12, 2024, the Court held an Initial Appearance hearing on the Petition for Warrant for Offender Under Supervision filed on June 4, 2024. (Docket No. 60) and a Supplemental Petition for Warrant for Offender Under Supervision filed on June 28, 2024. (Docket No. 65).  Defendant Kenneth Roach appeared in person with his appointed counsel Jake Warrum.  The government appeared by Todd Shellenbarger, Assistant United States Attorney.  U. S. Probation appeared by Officer Courtney Price.

This matter was referred to the Magistrate Judge to conduct a hearing and make a report and recommendation as to the disposition. (Docket No. 64). The defendant was advised that the District Judge is not bound to accept the Magistrate Judge's Report and Recommendation.

1

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.    The Court advised Defendant Roach of his rights and provided him with a copy of both petitions. Defendant orally waived his right to a preliminary hearing.

2.    After being placed under oath, Defendant Roach admitted violation numbers 1, 2, and 3. (Docket No. 60 and Docket No. 65).

3.    The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change."** |
| | On May 22, 2024, the defendant was discharged from Rockport Sober Living. Mr. Roach did not return home and did not report to his treatment group as scheduled. |
| | Mr. Roach did not report a change in address and attempts to make contact with him have been unsuccessful. At the time of this writing, Mr. Roach's current whereabout are unknown. |
| 2 | **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from** |

**imprisonment and at least two periodic drug tests thereafter."**

As previously reported to the Court, on February 26, 2024, Mr. Roach submitted a urine sample which tested positive for Amphetamine. On this date, Mr. Roach admitted to "speed" use approximately five days prior. On March 12, 2024, Mr. Roach admitted to using methamphetamine and synthetic marijuana on a daily basis the previous week and a half.

3    **"The defendant shall not commit another federal, state or local crime."**

On June 13, 2024, Mr. Roach was arrested in Vanderburgh County and charged with Possession of Marijuana, misdemeanor, under cause number 82D02-2406-CM-003879.

4.   The parties stipulated that:

(a)   The highest grade of violation is a Grade **B** violation.

(b)   Defendant's criminal history category is **VI**.

(c)   The range of imprisonment applicable upon revocation of supervised release, therefore, is **21 to 27** months imprisonment.

5.   The parties offer argument for the disposition of this matter, and defendant offers evidence and testimony on his own behalf.  Specifically, defendant testified that he admits he is "an addict" and has been so since the age of 14. Defendant further volunteered that he has been a participant in a program called Good News Jail Ministry at the Henderson County Detention Center.  Defense counsel offered a letter dated August 12, 2024, from the ministry confirming defendant's positive participation and defendant's desire to go to Lighthouse Recovery Center in Washington, Indiana.  Defense counsel further offered a letter dated August 5, 2024, from the Admissions Coordinator from Lighthouse Recovery Center in which the Center advises that the Center will accept the defendant.  The

Center further requests "that the courts release him to the custody of Lighthouse personnel . . . and that the [defendant] commit to a 9-month program and not be permitted to switch facilities." The Center further states it will abide by any other stipulation and will advise the Court of "any and every violation as well as positive progress." Defense counsel elicited testimony from the defendant that defendant is aware of the stringent and intensive requirements of the Lighthouse program; that he understands that he must commit fully to participating in the program if given the opportunity; and that some of defense counsel's own clients have told him that the program is too stringent to satisfy. Defendant nonetheless testified that he is fully committed to complying with conditions at Lighthouse and that although he has been in treatment programs previously, he believes this program is different and the program's uniqueness is what he needs to change his life.

In response, the government offered testimony from Ms. Price confirming defendant's concessions that Ms. Price has encouraged the defendant on multiple occasions to seek and participate in treatment, including treatment at the Lighthouse. The defendant completed one in patient program but returned to drug use soon after and never took steps to sign up to the Lighthouse previously. The defendant's past failures to succeed when given opportunities to do so, and defendant's having absconded from his officer for an extended period, give the government justified cause for its recommendation of 24 months imprisonment with no supervision to follow.

The defendant acknowledged Ms. Price's efforts, took responsibility for past failures, and testified that he has to commit to changing his "people, places, and things" completely in order to be successful. Defendant believes the Lighthouse's location serves that need ideally. Prison, however, does not afford him the same

intensive treatment opportunity.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record and herein, finds that the defendant violated the conditions in the petition, that his supervised release should be *modified*, and that despite his previous failed attempts at treatment, the defendant should be afforded an opportunity to seek treatment at the Lighthouse Recovery Center. The undersigned recommends defendant be afforded this opportunity based upon the testimony of the defendant. The opportunity to treat at the Lighthouse Recovery Center, however, is not just an opportunity – it is an opportunity afforded by the Court based on this record which must carry serious consequences for failure to successfully complete the program. To that end, the undersigned further recommends that defendant be ordered to serve a maximum penalty of 27 months for his admitted violations of supervised release; this recommended penalty should be suspended during defendant's treatment at the Lighthouse but immediately commenced should he fail to successfully participate and complete the program at the Lighthouse. The undersigned further recommends that the Lighthouse report to the USPO, in whatever form of communication is prescribed as preferred by the officer, every thirty (30) days on the defendant's compliance. Any reported non-compliance will result in defendant's removal from the program and from the custody of the Lighthouse; with defendant to be taken into custody of the US Marshal; and with the penalty recommendation to commence. When the Lighthouse confirms defendant has successfully completed its program – which could take up to twenty-four (24) months – the Lighthouse

should so report and will have no further obligations with regard to defendant.

The undersigned further notes that the correspondence from the Lighthouse does not indicate whether there is an immediate bed opening for the defendant. Defendant should remain in the custody of the US Marshal while awaiting placement at the Lighthouse. Should a bed not be available within ninety (90) days of this order, this matter shall be set for a progress hearing in which defense counsel should arrange for a representative of the Lighthouse to appear and advise.

***This matter will remain under advisement while the defendant seeks treatment. The current conditions of supervised release will be amended to include: the defendant must complete the long-term, inpatient treatment facility program at The Lighthouse. The defendant can be released from U.S. Marshal custody once the U.S. Probation Office confirms a bed at The Lighthouse is available for the defendant.***

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge, including this Report and Recommendation. The parties have fourteen days to object to this Report and Recommendation.

**SO RECOMMENDED**.

Date: August 19, 2024

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system.