UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cr-00032-RLY-CSW |
| | ) | |
| KENNETH ROACH, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On December 19, 2024, the Court held a hearing on the Petition for Warrant for Offender Under Supervision filed on October 28, 2024. (Docket No. 80). Defendant Kenneth Roach appeared in person with his appointed counsel Jake Warrum. The government appeared by Todd Schellenbarger, Assistant United States Attorney. U. S. Probation appeared by Officer Courtney Price.

This matter was referred to the Magistrate Judge to conduct a hearing and make a report and recommendation as to the disposition. (Docket No. 85). The defendant was advised that the District Judge is not bound to accept the Report and Recommendation.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Roach of his rights and confirmed he had received and reviewed a copy of the petition. The Court further reminded of its previous Amended Report and Recommendation (Docket No. 76) regarding the

consequences for defendant Roach's failure to comply with the added condition of supervision to successfully participate and complete the inpatient treatment program at the Lighthouse Recovery Center. The recommended consequence for failure to comply with the additional condition of treatment is defendant would be ordered to serve the maximum penalty, for his admitted violations, of twenty-seven (27) months incarceration at the Bureau of Prisons.

2. The allegations, including Defendant's previous admitted violations, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change."** |
|  | As previously reported, on May 22, 2024 the defendant was discharged from Rockport Sober Living. Mr. Roach did not return home and did not report to his treatment group as scheduled. Mr. Roach did not report a change in address and attempts to make contact with him at that time were unsuccessful. |
|  | Recently, on October 24, 2024, Mr. Roach was discharged from the Lighthouse Recovery Center when opting to leave the program. At the time of this writing, his whereabouts are unknown. |
| 2 | **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit** |

        **to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter."**

        As previously reported to the Court, on February 26, 2024, Mr. Roach submitted a urine sample which tested positive for Amphetamine. Mr. Roach admitted to using "speed" approximately five days prior. On March 12, 2024, Mr. Roach admitted to using methamphetamine and synthetic marijuana on a daily basis the previous week and a half.

3        **"The defendant shall not commit another federal, state or local crime."**

        As previously reported to the Court, on June 13, 2024, Mr. Roach was arrested in Vanderburgh County and charged with Possession of Marijuana, a misdemeanor, under cause number 82D02-2406-CM-003879. This cause was dismissed on July 23, 2024.

4        **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."**

        Mr. Roach has been unsuccessfully discharged from the NOW Counseling Program and Lighthouse Recovery Center.

5        **"The defendant must complete the long-term, inpatient treatment facility program at The Lighthouse. The defendant can be released from U.S. Marshal custody once the U.S. Probation Office confirms a bed at The Lighthouse is available for the defendant."**

        Mr. Roach began the Lighthouse Recovery Center Program on September 5, 2024. This Officer was notified by the Lighthouse Recovery Center staff on October 24, 2024, Mr. Roach decided to leave the program on this date and asked to be transported to Lynnville, Indiana, where he was dropped off.

4. The Court determines that:

    (a) The highest grade of violation is a Grade **B** violation.

    (b) Defendant's criminal history category is **VI**.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **21 to 27** months imprisonment.

5. The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twenty-seven (27) months imprisonment, with no further supervision to follow upon release.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties elected to waive the fourteen-day period to object to the Report and Recommendation.

Date: December 20, 2024

*Crystal S. Wildeman*
Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system.